UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust<br><br>**Plaintiff**<br><br>vs.<br><br>Pamela J. Bruno and<br>Phil Gagnon Oil Company<br><br>**Defendants** | CIVIL ACTION NO:<br><br>**COMPLAINT**<br><br>RE:<br>21 Gore Road, Raymond, ME 04071<br><br>Mortgage:<br>December 6, 2006<br>Book 24648, Page 85 |

NOW COMES the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Pamela J. Bruno as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, and the Defendant, Pamela J. Bruno, are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs. Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in which the Defendant, Pamela J. Bruno, is the obligor and the total amount owed under the terms of the Note is One Hundred Eighty Seven Thousand Seventy Three Dollars and Twenty Six Cents ($187,073.26), plus attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is a corporation organized under the laws of the State of Delaware, with its principal place of business located at 13801 Wireless Way, Oklahoma City, Oklahoma 73134

5. The Defendant, Pamela J. Bruno, is a resident of Raymond, County of Cumberland and State of Maine.

6. The Defendant, Phil Gagnon Oil Company is located c/o Phil Gagnon, 3012 NW 46th Place, Cape Coral, FL 33993.

## FACTS

7. On November 30, 2006, by virtue of a Warranty Deed from Michael S. Bruno, which is recorded in the Cumberland County Registry of Deeds in **Book 24648, Page 84**, the property situated at 21 Gore Road, County of Cumberland, and State of Maine, was conveyed to the Defendant, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

8. On December 6, 2006, the Defendant, Pamela J. Bruno, executed and delivered to Bank of America, N.A. a certain Note in the amount of $172,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

9. To secure said Note, on December 6, 2006, the Defendant, Pamela J. Bruno, executed a Mortgage Deed in favor of Bank of America, N.A., securing the property located at 21 Gore Road, Raymond, ME 04071 which mortgage deed is recorded in the Cumberland County Registry of Deeds in **Book 24648, Page 85** (herein after referred to as the "Mortgage"). *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

10. The Mortgage was then assigned to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust by virtue of an Assignment of Mortgage dated May 7, 2015 and recorded in the Cumberland County Registry of Deeds in **Book 32265, Page 49**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

11. On or about July 22, 2014, the Defendant, Pamela J. Bruno, executed a Loan Modification Agreement which increased the principal balance of the Note to $183,287.14. *See* Exhibit E (a true and correct copy of the Loan Modification Agreement is attached hereto and incorporated herein).

12. Phil Gagnon Oil Company is a Defendant pursuant to a Notice of Lien in the amount of $385.00 dated January 1, 2006 and recorded in the Cumberland County Registry of Deeds in **Book 24379, Page 140** which upon information and belief should have been paid in full and should have been discharged.

13. On October 12, 2016, the Defendant, Pamela J. Bruno, was sent a Notice of Mortgagor's Right to Cure as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit F (a true and correct copy of the Demand Letter and the Certificate of Mailing are attached hereto and incorporated herein).

14. The Demand Letter informed the Defendant, Pamela J. Bruno, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit F.

15. The Defendant, Pamela J. Bruno, has failed to cure the default prior to the expiration of the Demand Letter.

16. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the present holder of the Note pursuant to possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

17. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the lawful holder and owner of the Note and Mortgage.

18. The total debt owed under the Note and Mortgage as of January 13, 2017, is One Hundred Eighty Seven Thousand Seventy Three Dollars and Twenty Six Cents ($187,073.26), which includes Unpaid Principal Balance in the amount of One Hundred Seventy Nine Thousand Seven Hundred Seventy Four Dollars and Fourteen Cents ($179,774.14); Accrued Interest in the amount of Six Thousand Two Hundred Twenty Six Dollars and Eighty Six Cents ($6,226.86); Escrow/Impound Required in the amount of Six Hundred Sixty Seven Dollars and Sixty Six Cents ($667.66); Late Charges Due in the amount of Four Hundred Forty Four Dollars and Eight Cents ($444.08); Funds to be Credited in the amount of One Thousand Three Hundred Thirty Five Dollars and Zero Cents ($1,335.00) and Total Advances in the amount of One Thousand Two Hundred Ninety Five Dollars and Fifty Two Cents ($1,295.52).

19. Upon information and belief, the Defendant, Pamela J. Bruno, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

20. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust repeats and realleges paragraphs 1 through 19 as if fully set forth herein.

21. This is an action for foreclosure respecting a real estate related mortgage and title located at 21 Gore Road, Raymond, County of Cumberland, and State of Maine. *See* Exhibit A.

22. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the holder of the Note referenced in Paragraph 8 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid note in conformity with Title 11, section 3-1201, et seq. Of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff has the right to foreclosure upon the subject property.

23. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the current owner and investor of the aforesaid Mortgage and Note.

24. The Defendant, Pamela J. Bruno, is presently in default on said Mortgage and Note, having failed to make the monthly payment due June 1, 2012, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

25. The total debt owed under the Note and Mortgage as of January 13, 2017, is One Hundred Eighty Seven Thousand Seventy Three Dollars and Twenty Six Cents ($187,073.26), which includes Unpaid Principal Balance in the amount of One Hundred Seventy Nine Thousand Seven Hundred Seventy Four Dollars and Fourteen Cents ($179,774.14); Accrued Interest in the amount of Six Thousand Two Hundred Twenty Six Dollars and Eighty Six Cents ($6,226.86); Escrow/Impound Required in the amount of Six Hundred Sixty Seven Dollars and Sixty Six Cents ($667.66); Late Charges Due in the amount of Four Hundred Forty Four Dollars and Eight Cents ($444.08); Funds to be Credited in the amount of One Thousand Three Hundred Thirty Five Dollars and Zero Cents ($1,335.00) and Total Advances in the amount of One Thousand Two Hundred Ninety Five Dollars and Fifty Two Cents ($1,295.52).

26. The record established through the Cumberland County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

27. By virtue of the Defendant's breach of condition, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, hereby demands a foreclosure on said real estate.

28. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Pamela J. Bruno, on October 12, 2016 as evidenced by the Certificate of Mailing. *See* Exhibit F.

29. The Defendant, Pamela J. Bruno, is not in the Military as evidenced by the attached Exhibit G.

## COUNT II – BREACH OF NOTE

30. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 29 as if fully set forth herein.

31. On December 6, 2006, the Defendant, Pamela J. Bruno, executed and delivered to Bank of America, N.A. a certain Note in the amount of $172,000.00.  *See* Exhibit B.

32. The Defendant, Pamela J. Bruno, is in default for failure to properly tender the June 1, 2012 payment and all subsequent payments.  *See* Exhibit F.

33. The Plaintiff,, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Pamela J. Bruno.

34. The Defendant, Pamela J. Bruno, having failed to comply with the terms of the Note and Mortgage, are in breach of both the Note and the Mortgage.

35. Defendant Pamela J. Bruno's breach is knowing, willful, and continuing.

36. Defendant Pamela J. Bruno's breach has caused the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

37. The total debt owed under the Note and Mortgage as of January 13, 2017, is One Hundred Eighty Seven Thousand Seventy Three Dollars and Twenty Six Cents ($187,073.26), which includes Unpaid Principal Balance in the amount of One Hundred Seventy Nine Thousand Seven Hundred Seventy Four Dollars and Fourteen Cents ($179,774.14); Accrued Interest in the amount of Six Thousand Two Hundred Twenty Six Dollars and Eighty Six Cents ($6,226.86); Escrow/Impound Required in the amount of Six Hundred Sixty Seven Dollars

and Sixty Six Cents ($667.66); Late Charges Due in the amount of Four Hundred Forty Four Dollars and Eight Cents ($444.08); Funds to be Credited in the amount of One Thousand Three Hundred Thirty Five Dollars and Zero Cents ($1,335.00) and Total Advances in the amount of One Thousand Two Hundred Ninety Five Dollars and Fifty Two Cents ($1,295.52).

38. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

39. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 38 as if fully set forth herein.

40. By executing, under seal, and delivering the Note, the Defendant, Pamela J. Bruno, entered into a written contract with Bank of America, N.A. who agreed to loan the amount of One Hundred Seventy Two Thousand Dollars and Zero Cents ($172,000.00) to the Defendant, Pamela J. Bruno. *See* Exhibit B.

41. As part of this contract and transaction, the Defendant, Pamela J. Bruno, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

42. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note and successor-in-interest to Bank of America, N.A., and has performed its obligations under the Note and Mortgage.

43. The Defendant, Pamela J. Bruno, breached the terms of the Note and Mortgage by failing to properly tender the June 1, 2012, payment and all subsequent payments. *See* Exhibit G.

44. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant.

45. The Defendant, Pamela J. Bruno, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

46. The Defendant, Pamela J. Bruno, is indebted to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust in the sum of One Hundred Eighty Seven Thousand Seventy Three Dollars and Twenty Six Cents ($187.073.26), for money lent by Plaintiff, U.S. bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to the Defendant, Pamela J. Bruno.

47. Defendant Pamela J. Bruno's breach is knowing, willful, and continuing.

48. Defendant Pamela J. Bruno's breach has caused the Plaintiff U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

49. The total debt owed under the Note and Mortgage as of January 13, 2017, is One Hundred Eighty Seven Thousand Seventy Three Dollars and Twenty Six Cents ($187,073.26), which includes Unpaid Principal Balance in the amount of One Hundred Seventy Nine Thousand Seven Hundred Seventy Four Dollars and Fourteen Cents ($179,774.14); Accrued Interest in the amount of Six Thousand Two Hundred Twenty Six Dollars and Eighty Six Cents ($6,226.86); Escrow/Impound Required in the amount of Six Hundred Sixty Seven Dollars and Sixty Six Cents ($667.66); Late Charges Due in the amount of Four Hundred Forty Four Dollars and Eight Cents ($444.08); Funds to be Credited in the amount of One Thousand Three Hundred Thirty Five Dollars and Zero Cents ($1,335.00) and Total Advances in the amount of One Thousand Two Hundred Ninety Five Dollars and Fifty Two Cents ($1,295.52).

50. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

51. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Bank of America, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned Defendant, Pamela J. Bruno, One Hundred Seventy Two Thousand Dollars and Zero Cents ($172,000.00). *See* Exhibit B.

53. The Defendant, Pamela J. Bruno, is in default for failure to properly tender the June 1, 2012 payment and all subsequent payments. *See* Exhibit F.

54. As a result of the Defendant's failure to perform under the terms of the Note and Mortgage, the Defendant, Pamela J. Bruno, has been unjustly enriched at the expense of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust.

55. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

56. The Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, repeats and re-alleges paragraphs 1 through 55 as if fully set forth herein.

57. Bank of America, N.A., predecessor-in-interest to U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, loaned the Defendant, Pamela J. Bruno, One Hundred Seventy Two Thousand Dollars and Zero Cents ($172,000.00). *See* Exhibit B.

58. The Defendant, Pamela J. Bruno, has failed to repay the loan obligation pursuant to the terms of the Note and Mortgage.

59. As a result, the Defendant, Pamela J. Bruno, has been unjustly enriched to the detriment of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust as successor-in-interest to Bank of America, N.A. by having received the aforesaid benefits and money and not repaying said benefits and money.
60. As such, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, prays this Honorable Court:

a) Find that the Notice of Lien in the amount of $385.00 dated August 3, 2006 recorded in **Book 24379, Page 140** is paid in full and discharged;

b) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

c) Grant possession to the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, upon the expiration of the period of redemption;

d) Find that the Defendant, Pamela J. Bruno, is in breach of the Note by failing to make payment due as of June 1, 2012, and all subsequent payments;

e) Find that the Defendant, Pamela J. Bruno, is in breach of the Mortgage by failing to make payment due as of June 1, 2012, and all subsequent payments;

f) Find that the Defendant, Pamela J. Bruno, entered into a contract for a sum certain in exchange for a security interest in the subject property;

g) Find that the Defendant, Pamela J. Bruno, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due June 1, 2012 and all subsequent payments;

h) Find that Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master participation Trust, is entitled to enforce the terms and conditions of the Note and Mortgage;

i) Find that by virtue of the Note and Mortgage, the Defendant, Pamela J. Bruno, has been unjustly enriched at the Plaintiff's expense;

j) Find that such unjust enrichment entitles the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, to restitution;

k) Find that the Defendant, Pamela J. Bruno, is liable to the Plaintiff for money had and received;

l) Find that the Defendant, Pamela J. Bruno, is liable to the Plaintiff for quantum meruit;

m) Find that the Defendant, Pamela J. Bruno, has appreciated and retained the benefit of the Mortgage;

n) Find that it would be inequitable for the Defendant, Pamela J. Bruno, to continue to appreciate and retain the benefit of the Mortgage without recompensing the appropriate value;

o) Find that the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, is entitled to restitution for this benefit from the Defendant, Pamela J. Bruno;

p) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

q) Additionally, issue a money judgment against the Defendant, Pamela J. Bruno, and in favor of the Plaintiff, U.S. Bank Trust, N.A., as Trustee for LSF9 Master Participation Trust, in the amount of One Hundred Eighty Seven Thousand Seventy Three Dollars and Twenty Six Cents ($187,073.26), the total debt owed under the Note plus interest and costs including attorney's fees and costs;

r) For such other and further relief as this Honorable Court deems just and equitable.

                                            Respectfully Submitted,
                                            The Plaintiff,
                                            U.S. Bank Trust, N.A., as Trustee for LSF9
                                            Master Participation Trust,
                                            By its attorneys,

Dated: January 20, 2017

                                            /s/ John A. Doonan
                                            John Doonan, Esq. (BBO# 3250)
                                            Doonan, Graves & Longoria, LLC
                                            100 Cummings Center
                                            Suite 225D
                                            Beverly, MA 01915
                                            (978) 921-2670